IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:16-CR-62 |
| BRICETON GRANT | ) | |

### MEMORANDUM OPINION

At issue on defendant's appeal of the magistrate judge's Order is whether the magistrate judge erred in denying defendant's motion to award credit for the ten-day period following the government's erroneous release of defendant after he had served only four days of a fifteen-day sentence imposed for a violation of defendant's supervised release conditions. As the matter has been fully briefed and argued orally, it is now ripe for disposition.

### I.

On February 16, 2016, defendant appeared before the magistrate judge for a violation of his supervised release conditions. At the hearing, defendant admitted that he had possessed marijuana in violation of his supervised release conditions, and accordingly, he was sentenced to fifteen days of incarceration and remanded to the custody of the United States Marshal's Service ("USMS") to serve that sentence. *See United States v. Briceton Grant*, No. 1:14-MJ-656 (Feb. 18, 2016) (Order).

Shortly thereafter, on February 19, 2016, the USMS erroneously released defendant from custody, after defendant had served only four days of his fifteen-day sentence. Specifically, the Bureau of Prisons ("BOP") mistakenly awarded defendant credit for time served on the basis of a thirteen-day period of incarceration defendant had previously served; the BOP was unaware that

this thirteen-day period of incarceration had already been applied to a sentence imposed for a previous supervised release violation. On February 25, 2016, shortly after learning of the mistake, U.S. Probation Officer Vakida Wilson filed a petition on probation, and shortly thereafter, an arrest warrant issued. *See United States v. Briceton Grant*, No. 1:14-MJ-656 (Feb. 25, 2016) (Petition and Order). On Monday, February 29, 2016, defendant self-surrendered to the USMS and appeared in person for a hearing that afternoon. Thus, in total, defendant was erroneously at liberty for a period of ten days. During this ten-day period, defendant obtained employment at a convenience store. At the February 29, 2016 hearing, the magistrate judge released defendant and scheduled a hearing on the matter for March 8, 2016.

Shortly thereafter, defendant filed a motion to award credit for the ten days he was at liberty to the eleven days remaining in his fifteen-day sentence, and the government filed a timely response. On March 8, 2016, the magistrate judge denied defendant's motion for credit for time at liberty on the ground that under the totality of the circumstances, such as the brevity of the time at liberty and the character of the government's error, it was not appropriate to award defendant credit for the time he spent erroneously at liberty. *United States v. Briceton Grant*, No. 1:14-MJ-656 (Mar. 9, 2016) (Order). Accordingly, the magistrate judge ordered defendant to serve the remaining eleven days of incarceration, permitting him to serve it intermittently on weekends. *Id.*

Thereafter, defendant timely appealed the magistrate judge's decision pursuant to Rule 58(g), Fed. R. Crim. P. The parties filed timely briefs, and on April 29, 2016, appeared for oral argument. At that time, the matter was taken under advisement. *United States v. Briceton Grant*, No. 1:16-CR-62 (April 29, 2016) (Order). That same day, defendant was remanded to the

custody of the USMS and the BOP to serve one day of his fifteen-day sentence, as only ten of the eleven days remaining to be served were in dispute. *Id.*

## II.

When a defendant appeals a ruling of a magistrate judge, "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Rule 58(g)(2)(D), Fed. R. Crim. P. Thus, "[f]indings of fact ... are reviewed for clear error, and issues of law ... are reviewed de novo." *United States v. Bursey*, 416 F.3d 301, 306 (4th Cir. 2005). Accordingly, the review of the magistrate judge's ruling is de novo with respect to the question whether the magistrate judge applied the correct rule of law, but is deferential to the extent that the magistrate judge's decision under the correct rule of law involved the exercise of discretion.

## III.

Defendant contends that the magistrate judge erred in denying his motion to award credit for for the ten days during which he was at liberty following his erroneous release. Put another way, defendant requests credit for time *not served* due to a government error. In response, the government contends that in light of the totality of the circumstances, the magistrate judge did not err in denying defendant's motion to award credit for the ten days he spent at liberty.

Although there is no constitutional right to remain free on erroneously granted liberty, *Hawkins v. Freeman*, 195 F.3d 732, 750 (4th Cir. 1999), nearly every circuit has recognized a federal common law rule awarding prisoners credit for time erroneously at liberty in appropriate circumstances.[1] The Tenth Circuit first recognized this doctrine nearly a century ago in *White v.*

---

[1] *See Espinoza v. Sabol*, 558 F.3d 83, 90 (1st Cir. 2009); *Kiendra v. Hadden*, 763 F.2d 69, 73 (2d Cir. 1985); *Vega v. United States*, 493 F.3d 310, 314-19 (3d Cir. 2007); *Leggett v. Fleming*, 380 F.3d 232, 234-35 (5th Cir. 2004); *United States v. Croft*, 450 F.2d 1094, 1095-99 (6th Cir. 1971); *Dunne v. Keohane*, 14 F.3d 335, 336-37 (7th Cir. 1994); *United States v. Downey*, 469 F.2d 1030, 1031-32 (8th Cir. 1972) (per curiam); *Clark v. Floyd*, 80 F.3d 371, 372-74 (9th Cir. 1996);

3

*Pearlman*, 42 F.2d 788, 789 (10th Cir. 1930) (holding that when a "prisoner is [erroneously] discharged from a penal institution, without any contributing fault on his part, and without violation of conditions of parole, ... his sentence continues to run while he is at liberty"). The principle articulated in *White* has been applied in a number of cases and has become known as the rule of "credit for time at liberty." *Lee v. Wilson*, No. 1:11-cv-981, 2012 WL 3069407, at *6 (E.D. Va. 2012). Although numerous courts have recognized the rule of credit for time at liberty, the Fourth Circuit has never addressed whether a prisoner may receive credit toward a federal sentence for time spent erroneously at liberty.

The Third Circuit recently addressed the rule of credit for time erroneously at liberty in *Vega v. United States*, 493 F.3d 310, 314-19 (3d Cir. 2007). There, the Third Circuit articulated a burden-shifting test in the context of a petition for a writ of habeas corpus to determine whether a prisoner is entitled to credit for time at liberty. *Id.* at 319. Specifically, the Third Circuit explained in *Vega* that:

> [i]n order for a prisoner to receive full credit for time he was erroneously at liberty, the prisoner's habeas petition must contain facts that demonstrate that he has been released despite having unserved time remaining on his sentence. Once he has done this, the burden shifts to the government to prove either (1) that there was no negligence on the part of the imprisoning sovereign, or (2) that the prisoner obtained or retained his liberty through his own efforts.

*Id.* In most cases, this amounts to a simple negligence rule with an unclean hands defense: if the government was negligent, a defendant should be given credit for time erroneously at liberty so long as the defendant is not in part responsible for his time spent erroneously at liberty.

Defendant contends that the simple negligence rule should be applied here. Yet, as the government correctly contends, such a rule is too narrow to account for all the circumstances that

---

*White v. Pearlman*, 42 F.2d 788, 789 (10th Cir. 1930); *United States v. Barfield*, 369 F.3d 1144, 1147 (11th Cir. 2005).

4

may arise in various cases of erroneously granted liberty. For example, under the simple negligence rule, even a mass murderer would be awarded credit for time erroneously spent at liberty without regard to society's interest in ensuring that such an individual remains behind bars for the entirety of his sentence. As one district court has noted, the "relevant question" in applying the common law doctrine of credit for time at liberty is not whether a simple test points toward a particular result, but "whether [a particular prisoner] should be given credit against his sentence for the time he was at liberty." *Lee*, 2012 WL 3069407, at *6. In short, although government negligence begins the analysis, it does not by itself determine whether a defendant should be awarded credit for time at liberty.

Thus, because the simple negligence test is inadequate and because the Fourth Circuit has not yet addressed the issue, it is appropriate here to fashion a non-exhaustive multi-factor test for determining when to award credit for time erroneously at liberty. These factors are properly derived from the interests served by the rule of credit for time at liberty. In this regard, as the Third Circuit in *Vega* noted, the rule of credit for time at liberty should serve three "paramount interests":

> (i) the prisoner's interest in "resettl[ing] after he has served his sentence without the fear that the government, at some undetermined point in the future, will reincarcerate him";[2]
>
> (ii) preventing "excessive power" on the part of "the officers entrusted with the execution of sentences";[3] and

---

[2] *See also White*, 42 F.2d at 789 ("Certainly a prisoner should have a chance to re-establish himself and live down his past.").

[3] *See also Free v. Miles*, 33 F.3d 550, 553 (5th Cir. 2003) (noting that a primary purpose for credit for time at liberty "is to prevent the government from abusing its coercive power to imprison a person by artificially extending the duration of his sentence through releases and re-incarcerations"); *Smith v. Swope*, 91 F.2d 260, 262 (9th Cir. 1937) (noting that not awarding credit for time at liberty may give a government officer "arbitrary and capricious" power).

5

(iii) "the government's and society's interest in convicted criminals serving out their sentences."[4]

493 F.3d at 318.

In light of these important interests, the following factors are relevant to the question whether a particular prisoner should be awarded credit for time at liberty as a result of government error:

(i) the nature of the underlying offense;

(ii) the length of the sentence and the amount of time remaining to be served;

(iii) the character of the government's error;

(iv) the length of the erroneous release period and how quickly the government took steps to reacquire custody of the prisoner; and

(v) the degree to which the prisoner has resettled in the community during the period of erroneous release and the likelihood that requiring the prisoner to serve his remaining sentence would undermine any resettlement efforts.

The weight afforded to each of these factors depends on the circumstances of a particular case. If the underlying offense was a serious violent felony, for example, that would counsel in favor of not awarding a prisoner credit for time erroneously at liberty, whereas a minor offense and a short sentence would often counsel in favor of awarding credit for time at liberty, although perhaps not with respect to repeat offenders. Moreover, an award of credit for time at liberty would likely be more appropriate where a prisoner was erroneously at liberty for a long period of time and has resettled in his community than it would be where a prisoner was erroneously at liberty for only a brief period of time and has not taken significant steps to resettle in his

---

[4] *See also Artez v. Mulcrone*, 673 F.2d 1169, 1171 (10th Cir. 1982) ("[S]ociety has a legitimate interest in ensuring that prisoners convicted of serious crimes not be released before serving their full sentences unless they are rehabilitated.")

6

community. None of these factors is dispositive, and in the end, their application is a judgment within the discretion of the sentencing court.

Here, application of these factors points persuasively to the conclusion that the magistrate judge did not err in denying defendant's request to award credit for time at liberty. Although it is not entirely clear, it appears that the magistrate judge identified the relevant factors and then exercised reasonable discretion in applying those factors. In doing so, the magistrate judge did not abuse her discretion, as the relevant factors point persuasively to the conclusion that defendant should not be awarded credit for the ten days he spent erroneously at liberty.

Although the underlying offense—possession of marijuana, in violation of defendant's supervised release conditions—is a minor offense when viewed in isolation, this was not defendant's first violation of his supervised release conditions. Thus, there is a greater societal interest in requiring defendant—a repeat offender—to serve his sentence than there would be if the underlying offense were defendant's first violation of his supervised release conditions. Moreover, although only a fifteen-day sentence was imposed for defendant's violation of his supervised release conditions, defendant has served only one third of that sentence. Society has a strong interest in ensuring that prisoners serve more than one third of a justly imposed sentence.

Most importantly, it is inappropriate here to award defendant credit for time erroneously at liberty because (i) defendant was erroneously at liberty for only a brief ten-day period, (ii) the government's error was a simple ministerial error, and (iii) less than a week after defendant's release, U.S. Probation Officer Wilson took prompt steps to remedy the mistake. In these circumstances, an award of credit for time erroneously spent at liberty is substantially less appropriate than it would be where, as one court has noted, "the authorities make no attempt over a prolonged period of time to reacquire custody over [the prisoner]." *United States v Merritt*, 478

F. Supp. 804, 806 (D. D.C. 1979). Moreover, as the government correctly points out, in almost all cases in which the rule of credit for time at liberty has been applied, the erroneously released prisoner was erroneously at liberty for a significant time period—several months or even years—and therefore had a meaningful opportunity to "resettle" in society. *Vega*, 493 F.3d at 318.[5] Indeed, the only case cited by either party involving a period of erroneous release similar in length to the ten-day period in issue here is *Priester v. Rivera*, No. 3:07-2787, 2008 WL 4132217 (D. S.C. Aug. 29, 2008). There, the court did not award credit for the two weeks the defendant had spent erroneously at liberty. *Id.* at *4. Furthermore, the conclusion that a defendant should not be awarded credit for a brief period of time erroneously at liberty comports with a primary goal of the rule of credit for time at liberty, as there is a much greater interest in "prevent[ing] the government from abusing its coercive power to imprison a person" where a defendant has been erroneously released for a significant period of time, and therefore would face reincarceration for an equally significant period of time in the absence of receiving credit for time at liberty. *Free*, 33 F.3d at 553.

Finally, in light of the brief period of erroneous liberty, defendant did not resettle in the community in a way that would be undermined by the completion of his sentence. Although defendant secured employment during the ten-day period of erroneous liberty, there is no indication that serving the ten days remaining in defendant's sentence would impede defendant's ability to maintain his employment or would frustrate any other resettlement efforts, especially

---

[5] *See, e.g., White*, 42 F.2d at 789 (defendant was erroneously released for a period of two years); *Espinzo v. Sabol*, 558 F.3d 83, 85 (1st Cir. 2009) (defendant was erroneously released for a period of fourteen months); *Lee*, 2012 WL 3069407, at *7 (defendant was erroneously at liberty for a 42-month period); *Vega*, 493 F.3d at 310 (defendant was erroneously at liberty for two years); *Leggett v. Fleming*, 380 F.3d 232, 235 (5th Cir. 2004) (defendant was erroneously at liberty for three years); *Green v. Christiansen*, 732 F.2d 1397, 1400 (9th Cir. 1984) (defendant was erroneously at liberty for three years); *Merritt*, 478 F. Supp. at 806 (defendant was erroneously at liberty for three years).

8

because the magistrate judge's ruling allows defendant to serve the ten days remaining intermittently on weekends.

In sum, it appears that the magistrate judge correctly identified the relevant factors and did not abuse her discretion in applying those factors, as they point persuasively to the conclusion that it is not appropriate to award defendant credit for time erroneously at liberty.

## IV.

For the reasons stated here, the magistrate judge's decision to deny defendant credit for time at liberty must be affirmed.

An appropriate Order will issue.

Alexandria, Virginia
May 4, 2016

/s/
_____
T. S. Ellis, III
United States District Judge